# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JAMES A. MUSISCA AND | ) | CASE NO. 05-66937 |
| MARSHA MUSISCA, | ) | |
| | ) | JUDGE RUSS KENDIG |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

CitiFinancial, Inc. (hereafter "CitiFinancial") filed a motion seeking leave to re-record a mortgage which was inadvertently released. The motion was filed on November 8, 2006. No objections to the motion were filed.

The court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND AND ARGUMENT

In its motion, CitiFinancial seeks an order authorizing it to re-record a mortgage on Debtors' residential real estate located at 1533 25th St., N.W., Canton, OH 44709 and relies on two cases: Kildow v. EMC Mortgage Corp. (In re Kildow), 232 B.R. 686 (Bankr. S.D. Ohio 1999) and In re Hatcher, No. 04-37553 (Bankr. N.D. Ohio August 10, 2006) (order resolving motion for leave to re-record inadvertently released mortgage) (unpublished). According to the motion, CitiFinancial recently discovered that the mortgage was inadvertently released on September 18, 2002. A balance is still owed on the note.

The real estate is owned by Debtors James A. Musisca and Marsha Musisca (hereafter "Debtors"). Debtors filed a chapter 7 case on October 6, 2005 and received a discharge on January 19, 2006. The case was closed on February 7, 2006 and reopened by order of the court on October 5, 2006. The sole purpose of the reopening was to obtain authorization to re-record the mortgage.

## ANALYSIS

As an initial matter, the court must determine if jurisdiction over this motion is appropriate. In order for the court to have jurisdiction over this matter, there must be a bankruptcy purpose. In this case, there is none. This was a no-asset case which has been

discharged and closed. The property is not property of the estate, nor is any personal relief against Debtors sought. Under these facts, a recent case from the Bankruptcy Court for the Eastern District of Louisiana to be instructive. *See* In re Mitchell, 2006 WL 2403886 (Bankr. E.D. La. 2006).

Mitchell also involved a no-asset chapter 7 case which had been discharged. Following the discharge, the mortgage company sent a letter to debtor advising of matters relating to lien foreclosure. Debtor filed a motion seeking sanctions. After reviewing 28 U.S.C. § 1334(b), the court found, that "since the action of Wells Fargo could have no effect on estate property or the administration of this case, this Court lacks jurisdiction to consider the motion." Id. at *2. For the same reasons, the court declines to exercise jurisdiction over this matter.

Additionally, after thorough review, the court finds that the cases cited by movant are not persuasive and easily distinguishable. In Kildow, the reinstatement of an erroneously released mortgage was brought to the court in a motion for summary judgment in an adversary proceeding involving lien avoidance (extent/validity/priority of liens). Thus, the court had plenary jurisdiction; the issue was clearly a core issue over which the court had jurisdiction pursuant to 28 U.S.C. § 157. In Hatcher, the court originally denied the motion to re-record on procedural grounds, finding that the matter should be filed as an adversary proceeding. Although the court later signed an agreed order on the motion, signed by the mortgage company and trustee, it is difficult to determine the court's position in the face of the conflicting orders.

Further, there are also cases suggesting that abandonment divests the bankruptcy court of jurisdiction. *See, e.g.,* Mitchell, 2006 WL 2403886; Keller v. CIT Group/Consumer Fin., Inc., 229 B.R. 900 (Bankr. S.D. Ohio 1998). These cases indicate that any action in relation to abandoned estate property would be *in rem* actions and therefore outside of the court's jurisdiction. The real estate in question was abandoned by operation of law pursuant to 11 U.S.C. § 554(c) since the real estate was scheduled by Debtors.

## CONCLUSION

The court finds that it does not have jurisdiction over the motion filed by CitiFinancial. In a no-asset, discharged case, reopened solely for the purpose of authorizing a mortgage company to re-record a lien, the court finds that the relief sought is not related to the administration of the estate or according relief to debtors. Further, there is another line of cases suggesting that, under the facts presented, the court has been divested of jurisdiction. The court therefore declines to enter an order granting the relief sought.

An order in accordance with this opinion shall be issued forthwith.

/s/ Russ Kendig
---
Judge Russ Kendig
U.S. Bankruptcy Court

DEC 0 8 2006

**Service List**:

James A. Musisca
Marsha Musisca
1533 25th St., N.W.
Canton, OH 44709

Kathryn H. Goulet
Goulet & Marinelli, LLC
4450 Belden Village St., N.W.
#200
Canton, OH 44718

Anne Piero Silagy
220 Market Ave., S.
#300
Canton, OH 44702

Patrick D. Hendershot
P.O. Box 525
Toledo, OH 43697-0525